MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Blvd., #95
Las Vegas, NV  89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DAN A. MATTILA,

    Plaintiff,

vs.

PINNACLE CREDIT SERVICES, LLC, a foreign Limited Liability Company, and
NATIONAL ACTION FINANCIAL SERVICES, a foreign corporation,

    Defendants.

No.

JURY DEMANDED

COMPLAINT

JURISDICTION

1.  The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction.  Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

PRELIMINARY STATEMENT

2.  This action is instituted in accordance with and to remedy Defendants' violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

3. In 2006 Defendants initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Las Vegas, Nevada.

4. As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

## PARTIES

5. Plaintiff, Dan A. Mattila, is a natural person who resides in Las Vegas, Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6. The Defendant, Pinnacle Credit Services, LLC, (Pinnacle) is a Limited Liability Company, the principal purpose of whose business is the collection of debts operating a debt collection agency from its principal place of business in Minneapolis, MN and regularly collections or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15. U.S.C. Section 1692a(6).

7. The Defendant National Action Financial Services, (National) is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business is Buffalo, NY, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, realleges and asserts all factual allegations contained in the preliminary statement to this Complaint and reasserts them as incorporated in full herein.

9. The debt underlying this action was paid by Plaintiff during June, 2003.

10. The underlying account is otherwise barred by the applicable Statute of Limitations.

11. Pinnacle was previously sued in Federal Court for previously illegally attempting to collect this account, styled *Mattila v. Pinnacle Credit Services, LLC et al*, Case No. 2:07-cv-01327-KJD-RJJ (2007).

12. Notwithstanding, Pinnacle has incomprehensibly assigned this account to National (Exhibit 1).

13. Pinnacle confidentially resolved the 2007 action.

14. Notwithstanding, Pinnacle again assigned the underlying account for collection despite explicit knowledge Plaintiff was indeed represented by counsel in violation of FDCPA § 1692c(a)(2). Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1453 (D. Nevada 1994).

15. Plaintiff had a right "*to be left alone*" which Pinnacle serially ignored. Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1448 (D. Nev. 1994).

16. Defendants' attempts to knowingly collect on a fully satisfied, time-barred and otherwise invalid debt was in violation of both FDCPA §§ 1692e(2)(A) and (10) and FDCPA § 1692f. Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1487-89 (M.D. Ala. 1987).

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

17. The foregoing acts and omissions of Defendants were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

18. Indeed, the foregoing acts and omissions of Defendants were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

19. As a proximate result of the foregoing acts and omissions of Defendants, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

20. As a result of the foregoing acts and omissions of Defendants, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## CAUSES OF ACTION

### COUNT I

21. The foregoing acts and omissions of Defendants constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d, 1692e 1692f and 1692g.

22. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### COUNT II

4

23. The foregoing acts and omissions of Defendants constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J. J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

24. Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

### JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Award actual damages.
2. Award punitive damages.
3. Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.
4. Award reasonable attorney fees.
5. Award costs.
6. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

_____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Boulevard
Suite 95
Las Vegas, NV 89102
Attorney for Plaintiff

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

165 LAWRENCE BELL DR., STE 100
PO BOX 9027
WILLIAMSVILLE, NY 14231-9027

FORWARDING SERVICE REQUESTED

**NAFS**
*National Action Financial Services, Inc.*
1-800-304-8519   1-716-565-1020
Fax 716-650-6268

Previous Creditor: VERIZON WIRELESS
Current Creditor: PINNACLE CREDIT SERVICES LLC
Account Number: 00110516339899900001
Balance: $419.60

MAR 22 2010

61643801                              165
                           *A-04-R56-AM-01961-9

DAN A MATTILA
3736 BACH WAY
N LAS VEGAS NV 89032-0629

NATIONAL ACTION FINANCIAL SERVICES
PO BOX 9027
WILLIAMSVILLE NY 14231-9027

Please check box if above address is incorrect and indicate change(s) on reverse.

▼ Please detach and return top portion with your payment

DEAR DAN A MATTILA:

PINNACLE CREDIT SERVICES LLC HAS PURCHASED THE ABOVE REFERENCED ACCOUNT FROM THE ABOVE REFERENCED PREVIOUS CREDITOR. PINNACLE CREDIT SERVICES LLC HAS PLACED YOUR ACCOUNT WITH THIS AGENCY FOR COLLECTION. PINNACLE CREDIT SERVICES LLC HAS ADVISED US THAT INTEREST WILL CONTINUE TO ACCRUE ON YOUR ACCOUNT AS PROVIDED FOR IN YOUR AGREEMENT WITH THE ORIGINAL CREDIT GRANTOR.

AS OF THE DATE OF THIS LETTER YOU OWE $419.60. BECAUSE OF INTEREST, LATE CHARGES, AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER. HENCE, IF YOU PAY THE AMOUNT SHOWN ABOVE, AN ADJUSTMENT MAY BE NECESSARY AFTER WE RECEIVE YOUR CHECK, IN WHICH EVENT WE WILL INFORM YOU BEFORE DEPOSITING THE CHECK FOR COLLECTION. FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-800-304-8519.

WE RECOGNIZE YOU MAY HAVE EXPERIENCED DIFFICULT CIRCUMSTANCES THAT PREVENTED YOU FROM REPAYING THIS OBLIGATION AS ORIGINALLY AGREED. PLEASE REMIT THE ENTIRE BALANCE DUE TO OUR OFFICE USING THE RETURN ENVELOPE PROVIDED. IF YOU HAVE ANY QUESTIONS OR WISH TO DISCUSS YOUR ACCOUNT WITH ONE OF OUR REPRESENTATIVES, PLEASE CALL OUR TOLL-FREE NUMBER AT 1-800-304-8519.

NATIONAL ACTION FINANCIAL SERVICES, INC.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, OUR OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

NATIONAL ACTION FINANCIAL SERVICES, INC., 165 LAWRENCE BELL DRIVE, STE 100, P.O. BOX 9027, WILLIAMSVILLE, NY 14231-9027.

FOR PROBLEMS RELATING TO THE HANDLING OF THIS ACCOUNT YOU MAY CONTACT OUR COMPLIANCE DEPARTMENT AT 1-800-847-9106.

# EXHIBIT 1